# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RYAN HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. _____ |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| FLOWERS BAKING, CO | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Comes Now plaintiff, Ryan Harris, by counsel, and for his cause of action against Defendant, alleges and states as follows:

## PARTIES

1. Plaintiff, Ryan Harris, is a resident of Kansas, and was employed by defendant, and affiliates, as an Area Sales Director.

2. Defendant, Flowers Baking, Co. ("Flowers"), is an organization located in Lenexa, Kansas. Defendant operates a baking and baked goods distribution company throughout the greater Kansas City Area. Defendant is incorporated as an organization domiciled in Kansas. Defendant employed plaintiff Harris. Service of process can be achieved upon defendant by serving registered agent at the Corporation Service Company at 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614.

## JURISDICTION AND VENUE

3. The jurisdiction of this court is invoked under the Family and Medical Leave Act, 29 U.S.C. Section 2601, et seq., ("FMLA") and the Equal Protection Clause of the Fourteenth Amendment.

4.      Venue is proper in this judicial district because the defendant is located and doing business in Johnson County, Kansas and because plaintiff was employed by defendant in this judicial district.

## GENERAL ALLEGATIONS

5.      Defendant Flowers, and affiliates, employed Harris continuously since 2012 and most recently his employment was as an Area Sales Director for a Kansas City distribution Market.

6.      As part of his employment with Defendant Flowers, Harris would drive to sites to visit with current buyers as well as potential buyers.

7.      Harris rarely, if ever, had to lift any objects as part of his job performance. On rare occasions he would have to load a palette of bread into a truck, but that was minimal physical strain at most.

8.      At all relevant times, Harris was a full-time employee of Flowers.

9.      Flowers, and its employees, retained primary control over Harris, including all working conditions, funding, payroll, benefits, job assignment, hiring and firing authority, and all other work conditions.

10.     Harris performed all of his job duties to the satisfaction of Flowers.

11.     On or about June 4, 2018 Plaintiff Harris was involved in a motor vehicle accident when his vehicle was t-boned by an uninsured driver.

12.     On or about June 4, 2018 Harris suffered severe bodily injury due to the motor vehicle accident, including but not limited to herniated disc and partial tear to his left rotator cuff. Plaintiff was taken to the hospital and has since continued to seek treatment for his injuries.

13.     On or about June 7, 2018 Plaintiff applied for FMLA leave because he was still

not able to return to work.

14. Plaintiff was not cleared by any medical provider to return to work until September.

15. Harris properly requested FMLA leave from Flowers on or about June 7, 2018.

16. Likewise, Harris informed his supervisor(s) of his intent to seek medical treatment and use FMLA leave.

17. Harris meets all requirements for FMLA in his employment with Flowers.

18. In September, Plaintiff was cleared by a doctor to return to modified partial duty. Plaintiff presented the partial release to an employee of Flowers, Charnell Johnson.

19. Ms. Johnson told Plaintiff to "go to Brock".  When Plaintiff presented the paperwork to Brock who then told him to take it to HR.  Nothing was done with this documentation of a partial release to work.

20. In October of 2018 Plaintiff gave more paperwork to Ms. Johnson.  Again, nothing was accomplished.

21. In October 2018 Plaintiff noticed that he had not received his disability check as he had still not returned to work.  He brought the issue up with Ms. Johnson who again gave him an essential non-response and nothing was accomplished.

22. In November of 2018 Harris received a phone call that his short-term disability benefits were exhausted at the end of that week.  Fearing that he would lose his health insurance, Harris again approached Flowers about returning to his position under the modified provisions that had been cleared by his medical provider.  Again, nothing was accomplished.

23. Plaintiff went into the office to speak with Kim Chandler, head of the Human Resources Department, about the issues he was facing.

24. When Harris arrived for his meeting with Kim Chandler, he was unexpectedly greeted in the meeting room by Plant President Joe Alvarez and Safety Manager Jim Hart.

25. Harris was told that nothing was going to be done to accommodate his needs.

26. Joe Alvarez and Jim Hart had an intimidating conversation with Harris which included statements about Flowers not being able to accommodate any work restrictions.

27. At one time Alvarez told Harris that he would have to start running a delivery route, something completely different than the Area Sales Director position. This had never been and, upon information and belief, to this day has never been a job requirement for Area Sales Directors.

28. In January of 2019 Harris was told "We'll find a spot for you" by an employee of Flowers. No such spot was ever found for him.

29. In February of 2019 Plaintiff's medical treater lifted some of the work restrictions and cleared him to lift up to 30 pounds. Plaintiff immediately reported this to Flowers. Again, nothing was accomplished with this new information.

30. Plaintiff has been without a paycheck and without a job because Flowers has failed to make reasonable accommodations and/or return Harris to work when he has been cleared medically to perform his job duties.

31. Harris has effectively been terminated from his position as he has not been returned to work or paid since fall of 2018.

## COUNT I
## Violation of FMLA (29 USC Section 2601, et seq.)

32. Plaintiff incorporates all previous paragraphs.

33. The Family & Medical Leave Act (FMLA) makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right pursuant to

4

the FMLA.

34. Defendant is subject to the laws of the FMLA, 29 U.S.C. § 2601et seq.

35. Defendant Flowers and affiliates are joint employers under 29 U.S.C. § 2611(4)(A) and 29 C.F.R. 825.106(a) and (b)(1).

36. Defendant Flowers employed plaintiff in a joint employment relationship.

37. Defendants Flowers, and affiliates, are considered covered employers within the meaning of the FMLA, and employed plaintiff Harris.

38. Defendant Flowers, and affiliates, is a private employer who employs 50 or more employees for at least 20 work-weeks in the current or preceding calendar year and is engaged in activity affecting commerce.

39. Plaintiff Harris worked in a location where at least 50 employees are employed by the employer within 75 miles.

40. Plaintiff Harris worked 'directly or indirectly in the interest' of the employer, and affiliates, and/or under a joint employment relationship, for at least 12 months.

41. Plaintiff Harris worked 'directly or indirectly in the interest' of the employer, and affiliates, under a joint employment relationship, for at least 1250 hours over the prior 12 months before his termination.

42. Plaintiff Harris was suffering from a serious health condition within the meaning of the FMLA and its implementing regulations.

43. Plaintiff Harris was entitled to take reasonable leave, not to exceed a total of 12 work-weeks during any 12-month period, for treatment of his serious health condition.

44. Defendant discriminated against plaintiff Harris and interfered with his right to take reasonable leave to care for his serious health condition, and retaliated against him for

exercising his rights the Acct, in violation of 29 USC 2615(a)(2) and 2615(b).

45.     Defendant failed to return Harris to work after he exercised his rights to FMLA benefits.

46.     Plaintiff Harris was terminated for exercising his rights under the FMLA.

47.     As a direct and proximate result of Defendant's unlawful violation of plaintiff's rights, plaintiff has suffered substantial actual damages, including, but not limited to: lost past and future income and employee benefits, humiliation, mental distress, harm to reputation and severe career disruption, plus other pecuniary and non-pecuniary actual damages, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery of comparative data regarding earnings and benefits paid to other employees who remained employed and performed plaintiff's duties after plaintiff's termination.

48.     Plaintiff is entitled to all damages authorized by 29 U.S.C § 2617.

WHEREFORE, plaintiff prays for judgment after jury trial awarding plaintiff all actual damages and losses shown in evidence, and determined by the jury to be fair and reasonable, for an award of equitable relief as my be appropriate including employment, reinstatement, promotion, for all interest, for punitive damages, for attorney's fees and expenses, and for all other damages and costs incurred, and for such other relief as this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that this matter be tried before a jury.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

**THE POPHAM LAW FIRM**

By: <u>Cooper S. Mach</u>
COOPER MACH, KS Bar #27404
Mark P. Schloegel, KS Bar #26349
712 Broadway, Suite 100
Kansas City, MO 64105
(816)221-2288
(816)221-3999 (fax)
mschloegel@pophamlaw.com
cmach@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**